MILTON S. ROBERTS and ALICE CRAIG ROBERTS, Respondents, v. ELSIE QUISENBERRY and ELDORA M. SALTS, Appellants, No. 42327—242 S. W. (2d) 26.

Division One, July 9, 1951.
Rehearing Denied, September 10, 1951.

*Miller & Fairman, John H. Fairman* and *J. Weston Miller* for appellants.

*Lincoln, Lincoln, Haseltine & Forehand, H. T. Lincoln* and *Turner White III,* for respondents.

HYDE, J.—Action to quiet title to a narrow strip of land between the residences of plaintiffs and defendants, which plaintiffs claimed by adverse possession. Defendants asked affirmative relief of decree of title in them. The Court found plaintiffs entitled to a small part of the strip absolutely, and to an easement over another part; and defendants owned the rest of it. Defendants have appealed.

The parties own adjoining lots in Springfield and have their houses on them. Their deeds (made in 1923) come from a common source of title to a tract 131.71 feet wide along the west side of Jefferson Street. Plaintiffs' deed is for the south 58.79 feet of this tract and defendants' deed is for the north 72.92 feet. Each have paid. taxes since 1923 on the property to which they have record title. Plaintiffs claim a strip, by adverse possession, along the south side of defendants' lot, 3 feet wide at the street and 1½ feet wide at the west end. This strip is about 300 feet long. The parties agree that a correct survey was made showing that plaintiffs' garage encroached 9 inches north of the true line to which they held record title and that its eaves extended 16 inches farther north. This garage was built in 1927, 124 feet west of the street and was 20 feet in length. Plaintiffs' driveway had a concrete apron extending 10 feet west of the sidewalk which encroached 2½ inches north of the line fixed by their deed. Their driveway from this concrete apron to their garage consisted of two graveled strips with grass between them and on each side. This driveway curved slightly to the north so that the north graveled strip encroached north of the line about 12 inches. Plaintiffs also used the area adjoining this graveled strip on the north for getting out of their car and unloading it. They claim to have always mowed it.

Plaintiffs had evidence as to their use of the whole 300 foot strip (mowing, gardening, trimming trees and shrubs) upon which they based their claim of 27 years adverse possession. They made their claim to a line starting at a stone marker on Jefferson Street which was there when they bought the property, and which they always

thought marked the north line of the property they bought. The survey showed this spot to be 3 feet north of plaintiffs' true line. West of their garage, plaintiffs claimed a fence built by Mr. Quisenberry (after plaintiffs purchased their property) which ran from the northwest corner of their lot to the place where they built their garage. (Defendants are Quisenberry's wife and daughter.) There was no fence from the garage east to the street. Defendants had some conflicting evidence as to what plaintiffs had done to use this strip. However, it is unnecessary to consider this since the Court found against plaintiffs' claim of ownership, except as to the part of the strip (9 inches by 20 feet) actually covered by the garage, and plaintiffs have not appealed. As to all of the strip west of the garage, the Court found that plaintiffs had no rights, and adjudged title to be in defendants. As to the rest of the strip (from the street to the west end of the garage) the Court found that plaintiffs had only an easement. This part of the strip was 145 feet long and 2 feet 1 inch wide; and included the area of the overhang of the eaves of the garage, all of the area upon which the graveled part of the driveway encroached and some of the area north of it, which plaintiffs used for getting out of and unloading their car.

 Defendants' principal contention seems to be that plaintiffs did not state or show any right to a way of necessity. They stress in their motion for new trial the fact that plaintiffs had plenty of room to make a driveway on the south side of their house. They also point out evidence which showed that the curve to the north in the driveway was to avoid scratching plaintiffs' car on shrubs growing on the north side of their house. Pictures in evidence show plaintiffs' house is on higher ground than the driveway and there is a rather high bank along the south side of the driveway on which plaintiffs had some shrubs. Defendants say that by cutting these shrubs or removing part of this bank there would be room for plaintiffs' driveway without encroachment on the land covered by defendants' deed. However, the Court's judgment was not based on a way of necessity, and there is no such issue in the case. What the Court adjudged was an easement by prescription; and necessity is not the basis for establishing such an easement. In fact it is said: ''As a general rule, no matter how long an easement is used as a way by necessity, such use cannot be adverse or confer a prescriptive right, at least while the necessity continues. The possession and use are always referable to the right arising from necessity and cannot be made the foundation or ground for the assertion of a higher right.'' (17 Am. Jur. 980, Sec. 70; as to ways of necessity generally see 17 Am. Jur. 959, Sec. 48.) ''The four essential facts for the plaintiffs to prove in order to sustain their claim to an easement by prescription are, first, user for the prescribed period; second, that the user was adverse; third, that it was under a claim of right; fourth, notice to the owner of the user and of its

character and of the claims of right.'' (Anthony v. Kennard Building Co., 188 Mo. 704, 87 S. W. 921; See also Faulkner v. Hook, 300 Mo. 135, 254 S. W. 48; 17 Am. Jur. 969, Sec. 56; 28 C. J. S. 662, Sec. 18.) As these authorities show, notice may be inferred from the circumstances, and express notice is not necessary. (188 Mo. l. c. 720.) The evidence here was sufficient to support a finding of all of these elements. Plaintiffs' claim was to a line •beyond that to which the Court adjudged the right of way; and it was an unequivocal claim to absolute ownership to the line commencing at the old stone marker on Jefferson Street, regardless of where the true line might be. Plaintiffs' construction of their garage and driveway, and their use of the part of the strip adjoining, was sufficient to support a finding of notice of their claim to the extent to which the Court found for them. We hold that the evidence warranted a finding of an easement by prescription to this part of the strip.

Defendants further contend that plaintiffs' petition does not state a cause of action for the relief granted. They argue that it was a legal action for absolute title by limitation under Sec. 516.070, R. S. 1949, and say it does not state a cause of action to establish title to a garage encroachment and for an easement of right-of-way. They say that these claims were provisional upon the claim of title to the entire strip. What their argument amounts to is that plaintiffs must be given the full relief they sought or nothing. The petition stated facts as to actual, visible, notorious, hostile and continuous possession under a claim of ownership and use for a garage and driveway. The legal conclusions from these facts stated in the petition do not bind the trial court as to the relief to be awarded. Sec. 511.160, R. S. 1949 provides that in rendering judgment for the plaintiff ''relief shall not be other or greater than that which he shall have demanded in the petition''; but that ''in any other case, the court may grant him any relief consistent with the case made by the plaintiff and embraced within the issues.'' Moreover, Sec. 509.500, R. S. 1949 authorizes the Court to consider ''issues not raised by the pleadings'' but ''tried by express or implied consent of the parties (by allowing evidence concerning them to come in without objection as here) * * * in all respects as if they had been raised by the pleadings.''

Furthermore, Sec. 510.310, R. S. 1949 provides, in cases tried without a jury, (sub-section 2) that ''at or after the trial the court shall render such judgment as it thinks right upon the law and the evidence''; and (sub-section 4) that ''the appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature.'' Sec. 512.160, R. S. 1949 also authorizes the appellate court (sub-section 3) to ''give such judgment as such (trial) court ought to have given.'' It certainly does not even require a liberal construction of these sections to hold, as we do, that in this kind of a case, the Court may properly find plaintiffs' right to be an ease-

ment rather than absolute title and to decree absolute title to only a part of the strip when the whole is claimed.

In Hansen v. O'Malley, 356 Mo. 908, 204 S. W. (2d) 281, where the Court failed to make a finding as to the interests of all parties, we said: "As we understand the record all possible owners of the land are parties to this suit and their respective rights, titles and interests are easily ascertainable from the record even though the defendants did not offer any evidence. In these circumstances it would seem appropriate to finally determine this litigation." The elements of a case of absolute title by adverse possession and an easement by prescription are substantially the same, the principal difference being in the character of the claim and use. (See elements of title by adverse possession set out in State ex rel. Edie v. Shain, 348 Mo. 119, 152 S. W. (2d) 174.) A case squarely in point here is Bashore v. Mooney, 4 Cal. App. 276, 87 Pac. 553, which was a claim of title by adverse use of a drainage ditch, and in which the Court held the plaintiff therein entitled to only an easement. The Court said "The point that the findings are insufficient as to the extent of plaintiff's title, because of the allegation in the complaint of ownership in fee, is not well taken. That plaintiff claimed title in fee did not preclude the court from finding a right or ownership in the nature of an easement; the greater title alleged included the lesser. The judgment may not exceed the demand of the complaint, but there is no rule that would prevent the court from granting less relief than that demanded." We think that is a sound and sensible statement of the proper rule of construction of our procedural statutes to which we have referred and we hold that the Court properly granted the relief it awarded upon the record in this case.

The judgment is affirmed. All concur.