**Benjamin M. McDOUGALL and Juliet E. McDougall, his wife, Plaintiffs-Appellants,**

**v.**

**Anthony CASTELLI and Alice Castelli, his wife, Defendants-Respondents.**

**No. 34992.**

Missouri Court of Appeals, St. Louis District.

Nov. 6, 1973.

Klamen, Summers, Wattenberg & Compton, Clayton, Thomas J. Briegel, Union, for plaintiffs-appellants.

Shaw & Howlett, Clayton, for defendants-respondents.

WEIER, Judge.

This is a case about a road. The road served plaintiffs McDougall in providing them access from their farm to Franklin County Route OO. Commencing at Highway OO, it meandered westwardly, first through land of witness Mrs. Poertner, thence through land belonging to defendants Castelli, thence through land of witness Doe Treffinger, and thence to the land of the plaintiffs. The road had a long lineage of use by Treffinger and the parties who owned or lived upon the lands to the west, but it existed without the benefit of a grant of easement. Plaintiffs McDougall purchased their land on June 3, 1966 and filed suit on April 3, 1972 against the defendants Castelli, alleging that they, the McDougalls, had acquired a prescriptive easement over the land owned by the defendants by reason of adverse use of the roadway for a period of over ten years. Plaintiffs also sought injunctive relief to restrain defendants from denying plaintiffs their right to an easement by prescription. By their answer, the defendants denied that the use of the roadway was made under a claim of right, and further alleged that the use had been by the consent and permission of the defendants. After the trial of the case, the court determined that the roadway described in plaintiffs' petition had not been established as an easement by prescription, and judgment was rendered in favor of the defendants.

▮ Plaintiffs have based their appeal upon the ground that the judgment below was contrary to the evidence. They contend that the evidence proved open, uninterrupted, visible and adverse use of the roadway by plaintiffs and their predecessors in interest for a period in excess of ten years. They further contend that defendants had the burden to prove permissive use, and defendants' evidence failed to show such use was permissive. This being a court-tried case, we are obliged to review it upon both the law and the evidence. We are also admonished not to set the

judgment below aside unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(d), V.A.M.R. A review of the evidence in this case, however, discloses no conflict in the decisive testimony.

It is undisputed that the roadway had been openly and continuously used for many years, ranging from forty-four years, within the knowledge of witness Poertner, to sixty-five years, within the recollection of the witness Melvina Frazier. Carl Treffinger, a predecessor in title to the McDougall tract, was deceased before his widow conveyed the property (together with an easement over the roadway) to the McDougalls. His brother, Doe Treffinger, testified that Carl had used the road for approximately fifty years. Even the defendant Anthony Castelli admitted that when he purchased the land twenty-four years before, he was aware that the roadway over his land was being used by the neighboring landowners, and after he acquired title he did not believe he had the right to prevent these people from traveling on the road.

▮ The only time the plaintiff Benjamin McDougall touched upon the question of permission in his testimony was in response to some double questions. One posed to him was: "You're telling this Judge that you used that property with what you thought was the consent of Castelli and a right to do so; is that right? A. Right. That's right." Again, the question: "If you knew that Mr. Castelli objected to your having the use of that road without his permission and if you knew or thought that you had no legal right to use that road would you still have used that road anyway? A. No." In each instance, the answer was as easily referable to one part of the question as to the other, and cannot be construed to indicate that there was any consent or permission obtained from Castelli for the use of the road. This would be contrary to the rest of McDougall's testimony. Further-

more, permission given after the road easement has already been established by adverse use has no legal effect. Speer v. Carr, 429 S.W.2d 266, 268[5, 6] (Mo.1968).

■ An easement by prescription to use a roadway across the lands of another may be established by use which has been shown to have been continuous, uninterrupted, visible, and adverse for a period of ten years. Speer v. Carr, *supra*, 429 S.W. 2d 266, 268[2] (Mo.1968). Here, the undisputed testimony indicated that the roadway had been openly and continuously used for many years over the ten required to establish plaintiffs' claim. The essence of prescription is use, since it is well established that proof of an open, notorious, continuous and uninterrupted use for the required period of ten years, without evidence to explain how it began, raises a presumption that it was adverse and under a claim of right. Such proof thereupon casts upon the owner of the servient tenement, here the defendants Castelli, the burden of showing that the use was permissive or by virtue of some license, indulgence or agreement, inconsistent with this right. Benson v. Fekete, 424 S.W.2d 729, 738[1, 2] (Mo. banc 1968). Quoted therein with approval is a statement from Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894, 897[3–5], 899[11, 12] (1945): " '[B]ut the use of the land is adverse, as against the owner, if it is not made in subordination to him, is open and notorious and is not wrongful as to him. * * * "Adverse," under the definition, means that the one making the use "shall not recognize in those as against whom it is claimed to be adverse an authority either to prevent or to permit its continuance. It is the non-recognition of such authority at the time the use is made which determines whether it is adverse." ' " Here, the use made of the roadway by plaintiffs and their predecessors was a continual travel both afoot and in vehicles from the plaintiffs' land to the public road. It showed an actual invasion or infringement of the rights of ownership possessed by defendants and their predecessors who initially had a right to prevent this use. There is no evidence that there was ever any interference with the use by defendants and their predecessors until after this suit was filed, at which time the defendants erected a gate across the roadway. There is no indication that, when the use commenced, permission was given to the original users to cross the property. All of the facts and circumstances give rise to a presumption of adverse user arising from long, uninterrupted travel.

■ There was no evidence to indicate when Carl Treffinger and his wife, Margaret, the predecessors in title to plaintiffs, acquired title to the land conveyed to the plaintiffs. However, witness Doe Treffinger testified that his brother, Carl, had lived on this land for fifty years, and had used the road during that time. We infer that the possession of Carl Treffinger in the beginning was that of either a tenant or an owner, and when the character of the possession changed, if it did, it would make little difference, since the adverse use of an easement over the land of a third person by a tenant inures to the benefit of the landlord so as to support the landlord's right to an easement by prescription. Benson v. Fekete, *supra*, 424 S.W.2d 729, 741[11] (Mo. banc 1968); Jacobs v. Brewster, *supra*, 354 Mo. 729, 190 S.W.2d 894, 898[7] (1945).

■ To support the trial court's judgment, defendants also rely upon a theory that the roadway was a "way of necessity" for plaintiffs. They assert that this tolls the statute of limitations and the establishment of a prescriptive easement. To maintain this position, they rely on Roberts v. Quisenberry, 362 Mo. 404, 242 S.W.2d 26, 28[1–3] (1951), wherein it is stated that the use which is always referable to a right arising from necessity cannot be made a foundation or ground for assertion of a right by adverse possession. However, the "way of necessity" therein referred to, is an easement which the law

implies when there has been a unity of title with regard to all of a tract of land from which a part thereof has been severed. If the part severed must use the part retained for access, then the law implies a servitude and an easement over the part retained. A discussion of easements by implication or "ways of necessity" is found in Schnider v. M.E.H. Realty Inv. Co., 239 Mo.App. 546, 193 S.W.2d 69, 72 (1946); and Causey v. Williams, 398 S.W.2d 190, 197 (Mo.App. 1965).[1] There is no evidence to indicate that the road in the instant case was ever such a "way of necessity."

We have concluded that the plaintiffs McDougall are entitled to prevail in their claim to a prescriptive easement on the roadway. The width of the roadway was described as being from a minimum of ten feet by one witness to a maximum of twenty feet by another. It was well defined by fences across the land of the defendants Castelli. No gates had prevented the use by plaintiffs, their invitees or licensees, other than the gate which was erected by defendants after this lawsuit was filed. Since the evidence discloses that the roadway was always open and unobstructed, and the extent of its use was fixed and determined by the use under which it had been established (Holian v. Guenther, 471 S.W.2d 457, 459[1] (Mo. 1971), plaintiffs are entitled to use the roadway without gates.

The judgment is reversed and the case remanded with directions to enter judgment for plaintiffs establishing a prescriptive easement for purposes of ingress and egress, connected with the use and enjoyment of their land described as the Northwest ¼ of the Southeast ¼ of Section 35, Township 44 North, Range Two (2) East, over and upon the land of the defendants described as the Northwest ¼ of the Southwest ¼ of Section 36, Township 44 North, Range Two (2) East, both tracts being located in Franklin County, Missouri, along the centerline of the easement as heretofore used, said centerline being described in the plat of the surveyor identified as defendants' Exhibit No. 3, and for injunctive relief as prayed.

SIMEONE, Acting P. J., and GUNN, J., concur.

---

1. *Cf.* The statutory private way of necessity. §§ 228.340 to 228.480, RSMo 1969, V.A.M.S.