Richard K. ROTH et al.,
Plaintiffs-Respondents,

v.

Joseph X. FLIEG and Theckla Flieg, his wife, Defendants-Appellants.

No. 59327.

Supreme Court of Missouri,
En Banc.

May 5, 1976.

Kurt D. Breeze, Pannell, Dodson & Robinson, Festus, for appellants.

Nicholas G. Gasaway and Samuel Richeson, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for respondents.

HENLEY, Judge.

This action to quiet title to two small adjoining tracts of land, tried to the court without a jury, resulted in judgments in favor of plaintiffs on their petition and on defendants' counterclaim. The judgments were affirmed by the Court of Appeals, St. Louis district, and on application of defendants we ordered the case transferred to this court.

We have reviewed the case according to the requirements of Rule 73.01 as construed in *Murphy v. Carron*, Mo., 536 S.W.2d 30 (decided concurrently herewith).

Defendants brief one point:

"The Trial Court's Order Entering Judgment in Plaintiffs' Favor Is in Error, in That Defendants Established by a Preponderance of the Credible Evidence All the Necessary Elements of Adverse Possession, Being: Hostile, Under Claim of Right; Open and Notorious; Exclusive; Actual; and Continuous for the Requisite Period of Time; the Judgment of the Trial Court on Defendants' Adverse Possession Claim Should Be Reversed; and Judgment Entered in Favor of Defendants Establishing Their Ownership of the Disputed Parcels by Adverse Possession in Accordance With the Facts and the Law of This Case."

The petition is in two counts.[1] In count I, plaintiffs Leo and LaVerne Meyer, his wife,[2] claim to be owners in fee simple of all of the Northwest Quarter of the Northeast Quarter of section 27, in township 38, range 8 east, in Ste. Genevieve county. This land adjoins on the north side land described in count III. In count III, plaintiffs Louis and Millie Pfaff, his wife, claim to be the owners in fee simple of a triangular-shaped .05 acre tract in the northeast corner of the Southwest Quarter of the Northeast Quarter of said section 27, which lies east of a private road running northwesterly from Highway 61. Defendants Joseph and Theckla Flieg, his wife, owners of adjoining land in the east half of the Northeast Quarter of section 27, claim by their answer and counter-claim to be the owners by adverse possession of (1) approximately 0.9 acre of the Meyers' land lying between the north-south quarter-quarter section line and a fence and road west of that line running generally north from the south boundary of the Meyers' land to a point where they (the fence and road) turn east and cross the quarter-quarter section line near a "cattle crossing"; (2) all of the Pfaffs' .05 acre tract of land.

We find from our review that the evidence supports findings that a narrow road running generally north-south across land of both plaintiffs and defendants provides a means of ingress and egress for the farm lands in this area lying north of Highway 61; that the area is hilly and the road is on and follows the meanders of a ridge which crosses and recrosses several times the

---

1. Other counts were dismissed and are not involved.

2. The Meyers purchased from plaintiffs, Richard and Dolores Roth, his wife, after this suit had been filed by the Roths and before trial.

quarter-quarter section line, the common boundary between tracts of land to which plaintiffs and defendants, respectively, have the record title; that a wire fence, in place since the early 1930's or before, runs along the east side of the ridge road; that the fence was put in by the predecessors in title of plaintiffs and defendants, not as a boundary line fence, but as a friendly fence of convenience and has been known and used as such from the beginning, some of the predecessors of the parties having used it for years as a common enclosure for their respective cows; that the use made of the disputed tracts by defendants and their predecessors in title was with both the express and tacit permission of plaintiffs and their predecessors in title; and, that the first open and hostile act of exclusive possession of the disputed tracts by defendants or their predecessors occurred about a month before this suit was filed. From this the trial court could conclude that defendants failed to prove they acquired title to the disputed tracts by adverse possession and that title is in the respective plaintiffs. Accordingly, the judgment of the trial court should be affirmed.

The judgment is affirmed.

All concur.