David T. SPOONER et al.,
Plaintiffs-Respondents,

v.

Joseph H. BATES et al.,
Defendants-Appellants.

No. 37672.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 9, 1977.

Hale W. Brown, Kirkwood, for defendants-appellants.

Richeson, Roberts, Wegeman, Gasaway, Stewart & Schneider, Nicholas G. Gasaway, Hillsboro, for plaintiffs-respondents.

GUNN, Judge.

Defendants appeal from the judgment of the trial court establishing a roadway ease-ment in favor of plaintiffs over lands owned by defendants. On appeal, defendants contend that plaintiffs failed in proving prescriptive use of the roadway for more than ten years and that the trial court erred in admitting certain deposition testimony. We affirm the trial court's judgment.

Plaintiffs' witnesses testified that there had been an open, adverse, visible, continuous and uninterrupted use, under claim of right, of a roadway through defendants' property [1] for a period substantially in excess of ten years. The evidence from plaintiffs' witnesses was that the roadway through defendants' land had been used as a public roadway from the early 1900's to shortly before the time of trial when defendants had blocked its usage.[2] A keystone built into the plaintiffs' case was the testimony of Clement Lovely who testified as to the unrestricted use of the road by the public from 1955 to 1972, when he finally disposed of all his Washington County property and moved from the area.[3] Lovely testified that the roadway over defendants' property led into property owned by him and had been continuously used by the general public and him; that he had participated in the cost of materials and labor of the roadway's maintenance; that neither he nor any other person had been interdicted in the use of the roadway nor had sought permission of the property owner for its use. The plaintiffs also introduced evidence that the roadway was well defined, well used and fairly well maintained, suitable for accommodating motor vehicular traffic.

Defendants' evidence was that any use of the roadway was with the owner's consent; that there had been only a minimal use of the roadway and certainly not by the public; that at best the roadway was a "wild land" road—scarcely more than a path—and not suitable for vehicular traffic.

---

1. The property was owned by Robert Johnson prior to its sale to defendants in 1973.

2. The roadway under consideration bore several appellations—"Scotty's Road," the "Old Aptis Road," the "Potosi Tie and Timber Road."

3. The property which was owned by Mr. Lovely was ultimately purchased by some of the plaintiffs.

Thus, plaintiffs' and defendants' evidence conflicts mightily, and we resolve the conflict by relying on the oft cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Under the guidelines of *Murphy v. Carron*, supra, we are to sustain the judgment of the trial court unless: (1) there is no substantial evidence to support it, (2) it is against the weight of the evidence, or (3) it erroneously declares or applies the law. Given the foregoing monitions, we find ample basis to sustain the trial court's decision.

The plaintiffs' evidence palpably establishes the prescriptive easement of the roadway over defendants' property. The requisite elements for prescriptive use easement are that the use was open, adverse, visible, continuous and uninterrupted under a claim of right for ten years or more. All essential factors to establish the roadway easement by prescriptive use were present, supported by substantial evidence. The law in this regard is constant in its declaration. *Roth v. Flieg*, 536 S.W.2d 39 (Mo. banc 1976); *Nash, et al. v. Michael, et al.*, 547 S.W.2d 885 (Mo.App.Spfld.1977); *Carpenter-Union Hills Cemetery Assoc. v. Camp Zoe, Inc.*, 547 S.W.2d 196, (Mo.App.Spfld. 1977); *McIlroy v. Hamilton*, 539 S.W.2d 669 (Mo.App.1976); *Trustees of Forestgreen Est. 4th Addition v. Minton*, 510 S.W.2d 800 (Mo.App.1974); *George v. Dickinson*, 504 S.W.2d 658 (Mo.App.1974).[4]

Defendants' argument that the roadway was a "wild land" road was refuted by plaintiffs' evidence, and, again, we defer to the trial court's ruling in this regard. See *Carpenter-Union Hills Cemetery Assoc. v. Camp Zoe, Inc.*, supra.

Defendants argue that the trial court erred in receiving the deposition of witness Clement Lovely into evidence for the reason that there was no foundation for its use. Defendants argue that there was no showing that Mr. Lovely was not available to the court. We disagree. Mr. Lovely's deposition, which was taken in San Diego, California, clearly recites that his residence was in San Diego. Rule 57.-07(a)(3)(D) specifically permits the use of a deposition during the course of a trial if the trial court finds that the witness resides out of the state.[5] The trial court by its acceptance of the deposition into evidence obviously found that Mr. Lovely resided outside the State of Missouri, and, indeed, there was ample evidence from the deposition to support that finding. There was no error in admitting Mr. Lovely's deposition into evidence. See *Sabbath v. Marcella Cab Co.*, 536 S.W.2d 939 (Mo.App.1976); *Brock v. Steward*, 519 S.W.2d 365 (Mo.App.1975).

We find that plaintiffs have met their burden of proving the requisite elements to establish a roadway easement by prescription; the judgment is affirmed.

KELLY, P. J. and McMILLIAN, J., concur.

---

4. In *George v. Dickinson*, supra, Judge Simeone has given a thorough and pedagogical treatment of the law relating to roadway easements by prescription.

5. Defendant does not raise any issue as to notice or representation at the taking of the deposition. See Rule 57.07(a).