**Harold E. FARRIS and Anita B. Farris, Plaintiffs-Respondents,**

v.

**John VIEMAN, Defendant-Appellant.**

No. 39847.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing or Transfer
Denied March 16, 1979.

Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for defendant-appellant.

Thomas J. Briegel, Briegel & Kimme, Union, for plaintiffs-respondents.

GUNN, Judge.

The single issue in this prescriptive easement case is whether there was such permissive use of the easement as to destroy the prescriptive right.

Plaintiffs-respondents claimed a 20 foot wide prescriptive roadway easement over defendant-appellant's property. In August, 1968, defendant erected a gate across the roadway obstructing plaintiffs' use of it. Defendant denied actually constructing the gate but at least announced his intention to do so. Plaintiffs filed a two count action to enjoin defendant's maintenance of the gate and for damages as a result of its obstruction. The trial court found that the evidence established a prescriptive roadway easement over defendant's land in favor of plaintiffs, ordered the removal of the gate and enjoined defendant from interference with plaintiffs' use of the easement. Nominal damages of $1.00 were allowed. Defendant appeals, and we affirm.

The portion of the trial court's order pertinent to this appeal provides:

The evidence clearly showed and the Court finds that for at least fifty-seven years prior to the trial the roadway in question, as described in Plaintiff's Exhibit No. 17, had been in open, notorious, continuous and uninterrupted use by the Plaintiffs' predecessors in title and others. There was no evidence to explain how such usage began and, therefore, a presumption arises that it was adverse

and under a claim of right. The use of the roadway was an infringement of the rights of the owners of the land over which it crossed and, no doubt, those owners initially had a right to prevent it. There was no evidence of any attempt to interfere with the use of the roadway until August, 1968, although there was some evidence offered that the use of the roadway was with the permission of the owners of the servient land. The burden is upon the Defendant to show that the use of the roadway was with permission of the servient owner. The fact that a twenty foot strip for another roadway was granted in 1920 is not persuasive evidence that the usage was with permission. It can just as easily be construed as evidence that there was no permission to cross the land now owned by Defendant. Nor would the granting of permission after the road easement had already been established by adverse use have any legal effect.

The Court finds that the Defendant has not overcome by a preponderance of the evidence the presumption of adverse use. Therefore, the easement is established.
* * *

Defendant concedes that plaintiffs have established their use of the property for a time exceeding the statutory period of ten years. He also accepts as a correct proposition of law—and indeed it is—that proof of prescriptive use without evidence of how it began creates a prescription of adverse use under claim of right, casting the burden on the defendant to show permissive use. *Day v. Grisham*, 571 S.W.2d 473 (Mo.App.1978); *McDougall v. Castelli*, 501 S.W.2d 855 (Mo. App.1973). However, defendant refers to the evidence and contends that he rebutted the presumption of adverse use by presenting testimony of witnesses other than plaintiffs that the use of the roadway was permissive. But the fact is that plaintiffs were steadfast in their denial that their use was permissive and other than hostile. Defendant's actions with regard to the con-struction of the gate seem to support plaintiffs' right to the use of the roadway. Defendant's testimony was that when he mentioned the construction of a gate to block the roadway, plaintiff Harold Farris "became immediately hostile;" that in a "flare of temper," he said that he would tear it down; "nobody was going to fence him out of his place and if I [defendant] put the gate up he would tear it down." The foregoing clearly indicates a hostile and non-permissive use of the land by plaintiff, and as previously mentioned, defendant concedes all the other requisite elements, including length of time, to establish the prescriptive use easement.

All essential factors to establish plaintiffs' prescriptive use of the roadway were present. The matter of conflict between the plaintiffs' and defendant's testimony as to whether or not the use was permissive was for the trial court to resolve, which it did in plaintiffs' favor. *Spooner v. Bates*, 550 S.W.2d 200 (Mo.App.1977), is directly on point in this regard. But see *Lawless v. Sears, Roebuck & Co.*, 555 S.W.2d 79 (Mo. App.1977), where all the evidence, including plaintiff's showed a permissive use. Such is not the case here. There was substantial evidence to support the trial court's order.[1]

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

1. For a thorough treatment of the law and case listing regarding roadway easements by pre-scriptive use, see *George v. Dickinson*, 504 S.W.2d 658 (Mo.App.1978), and *Spooner v. Bates, supra*.