Roy J. BEHEN and Marie U. Behen, Trustees, Respondents,

v.

Edward D. ELLIOTT, a/k/a, Ed Elliott, Appellant.

No. 56118.

Missouri Court of Appeals, Eastern District, Southern Division.

June 19, 1990.

Dale Edward Gerecke, Cape Girardeau, for appellant.

Maurice B. Graham, Daniel Patrick Fall, Fredericktown, for respondents.

CARL R. GAERTNER, Judge.

Defendant, Edward Elliott, appeals from the judgment in a bench trial holding that plaintiffs, Roy and Marie Behen, are vested with an easement by prescription for ingress and egress to the Eli White Road and the B & B Road. The trial court also issued a permanent injunction enjoining defendant from interfering with plaintiffs' use and maintenance of those roadways, except that defendant may lock the roadways' common entrance during Missouri's firearms deer season, so long as plaintiffs are provided with keys. Further, the trial court awarded plaintiffs $400 in damages caused by defendant to the roadways' former entrance. We affirm.

The standard of review for a bench-tried case is well established. We must affirm the trial court's decision unless the judgment is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Slay Warehousing Co., Inc. v. Leggett*, 762 S.W.2d 63, 63–64 (Mo. App.1988). Further, even though not requested by the parties, the trial court voluntarily entered "Amended Findings of Fact and Judgment." Consequently, such findings and conclusions form a proper basis for assigning error and will be so reviewed. *Thomas v. Depaoli*, 778 S.W.2d 745, 747 (Mo.App.1989).

Plaintiffs are the owners of two adjacent farms located in Madison County, Missouri. Plaintiffs purchased the first parcel, the B & B Farm, in 1961 and the second parcel, the Eli White Farm, in 1968. Defendant, a neighbor, is the owner of several tracts of land, purchased between 1984 and 1985, adjacent to plaintiffs' farms. Across defendant's property traverse the two roadways central to this dispute, known as the "B & B Road" and the "Eli White Road."

After continuing disagreements with defendant, plaintiffs filed a petition in the Circuit Court of Madison County to adjudicate their rights to use the B & B and Eli White Roads. In January of 1989, the trial court entered its amended findings of fact and judgment, holding that plaintiffs are vested with an easement by prescription for ingress and egress to the B & B and Eli White Roads. The trial court declared these easements appurtenant to plaintiffs' property. Defendant, on appeal, challenges this judgment.

In his first point, defendant claims that the trial court erred in failing to apply to his property the "wild lands" exception to prescriptive easements. Defendant maintains that his property is unenclosed, rugged, hilly, and unimproved, and that an easement by prescription cannot be acquired over unfenced and unoccupied lands. If applied, the "wild lands" exception would give rise to the presumption that plaintiffs' use of defendant's roadways was permissive rather than adverse. The trial court, however, held that the "wild lands" exception to prescriptive easements did not apply and we agree.

The "wild lands" exception to prescriptive easements is inapplicable where defendant's land is located in a well settled county and forms no part of an extensive, unimproved, uninhabited area. *Carpenter–Union Hills Cemetery Assoc. v. Camp Zoe, Inc.*, 547 S.W.2d 196, 201–02 (Mo.App. 1977); *Moravek v. Ocsody*, 456 S.W.2d 619, 624–25 (Mo.App.1970). In reaching its conclusion, the trial court found, and the evidence supports, that the Eli White and B & B Roads are defined travelways in existence for more than forty years. Further,

defendant's land is located one-fourth of a mile from a lake development, one-half of a mile from several working farms, and three miles from the City of Fredricktown. Since such land could hardly be characterized as part of the vast reaches of undeveloped, unoccupied territory, the trial court committed no error.

■ Defendant next challenges the trial court's finding that plaintiffs are vested with a prescriptive easement for the Eli White Road. Defendant claims that the Eli White Road is the only means of ingress and egress to the Eli White Farm, and therefore, the use by plaintiffs and plaintiffs' predecessors in title of the Eli White Road is one of "necessity" rather than prescription. Citing *Roberts v. Quisenberry*, 362 Mo. 404, 242 S.W.2d 26, 28 (1951) and *Miller v. Berry*, 270 S.W.2d 666, 671 (Mo. App.1954), defendant argues that an easement of necessity, which would cease when the necessity ceases, and which is permissive by operation of law and not adverse, can never serve as the foundation for a greater prescriptive right. We have no quarrel with this abstract statement of law. Here, however, as in *Roberts* and *Miller*, plaintiff's theory was based solely upon a claimed easement by prescription, not by necessity, and the defense asserted was a denial of any right of use, not the lesser right of an easement by necessity. The trial court found each element requisite to the establishment of an easement by prescription and these findings are supported by the evidence. Therefore, the evidence that the Eli White Road is the only means of ingress and egress to the Eli White Farm is not germane to the dispositive issue presented to the trial court. *Roberts* at 28; *Miller* at 671. Moreover, a common law easement of necessity is founded upon a showing of prior unity of title of plaintiff's and defendant's land. *Tadlock v. Otterbine*, 767 S.W.2d 366, 369 (Mo.App. 1989); *King v. Jack Cooper Transport Co.*, 708 S.W.2d 194, 196 (Mo.App.1986). No such evidence appears in this case. The pleadings obviously do not invoke the statutory procedure for the establishment of a "way of strict necessity." § 228.340

RSMo.1986. The issue of easement by necessity is foreign to this case.

■ In his third point, defendant claims that the trial court's finding of an easement by prescription for the Eli White Road is against the weight of the evidence. Defendant asserts that "there was substantial evidence to show that the Eli White Road was little more than a trail and that it was of impermanent character." We disagree.

Upon review, we defer to the trial judge's determination even though the evidence might support a different conclusion, and we defer to the trial judge's assessment of witness credibility. *Magnetic Collectibles v. Action Packets*, 779 S.W.2d 33, 34 (Mo.App.1989). Here, the trial court found that the Eli White Road has been used in its present location without any significant deviation as a means of ingress and egress to the Eli White Farm for more than forty years. Several witnesses testified at trial to the roadway's permanency: "It was a good passable road;" "It was an all weather road;" "If you travelled any place else in wet weather, you'd be stuck." One of defendant's witnesses testified to using the Eli White Road as early as 1930 to visit the Eli White Farm. Accordingly, such testimony constitutes substantial, credible evidence to support the trial court's determination that plaintiffs are vested with a prescriptive easement to the Eli White Road.

In his final point, defendant claims that the trial court erred in finding that plaintiffs are vested with a prescriptive easement to the B & B Road. Defendant maintains that plaintiffs' use of the B & B Road was by permission rather than prescription. In support of his claim, defendant relies on a prior conveyance of a written easement. Specifically, on July 13, 1959, defendant's predecessor in title, the Mine La Motte Corporation, conveyed a written easement to plaintiffs' predecessor in title for the use of the B & B Road. Defendant contends that this 1959 conveyance by the Mine La Motte Corporation granting plaintiffs permission precludes a finding that a prescrip-

tive easement vested in plaintiffs to the B & B Road.

 The conveyance by the Mine La Motte Corporation of a written easement to plaintiffs cannot destroy a prescriptive right previously acquired by plaintiffs' predecessor in title. Permission, given after an easement is already established by adverse use, has no legal effect. *Fenster v. Hyken*, 759 S.W.2d 869, 871 (Mo.App. 1989). Here, sufficient evidence supports the trial court's finding that plaintiffs' predecessors acquired a prescriptive right to the B & B Road. Moreover, since plaintiffs proved adverse use of the roadway without evidence of how that use originated, the burden of proof shifted to defendant to show that plaintiffs' use was permissive. *Farris v. Vienran*, 579 S.W.2d 117, 118 (Mo.App.1979); *Day v. Grisham*, 571 S.W.2d. 473, 475 (Mo.App 1978). In the present case, defendant has presented no substantial or competent evidence to establish that the use by plaintiffs' predecessors prior to July 13, 1959 was by permission.

Accordingly, the judgment of the trial court is affirmed.

SIMON, P.J., and HAMILTON, J., concur.