Noel M. CHASE and Betty L. Chase, his wife, Appellants,

v.

Robert W. FANIA and Marjie L. Fania, his wife, Respondents.

No. 47875.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Michael Anthony Kafoury, Clayton, for appellants.

Steven Milton Hamburg, Clayton, for respondents.

CRANDALL, Judge.

The Chases and the Fanias (hereafter plaintiffs and defendants, respectively) reside on adjoining lots in Webster Groves, Missouri. The plaintiffs' driveway runs along the parties' common boundary. In 1979, the defendants erected a two- or three-foot high fence just inside their side of the common property line. Asserting that a sixty-foot section of their driveway intrudes about twenty inches onto the defendants' land, the plaintiffs brought this action for a declaration that they have acquired a prescriptive easement over the strip of land and further sought to enjoin the defendants' maintenance of the fence. The cause was tried to the court, which found for the defendants, and the plaintiffs appeal. We affirm.

The Supreme Court held in *Roberts v. Quisenberry*, 362 Mo. 404, 242 S.W.2d 26, 28 (1951), that

> [t]he four essential facts for the plaintiffs to prove in order to sustain their claim to an easement by prescription are, first, user for the prescribed period [i.e., ten years, see *Carpenter-Union Hills Cem. v. Camp Zoe, Inc.*, 547 S.W.2d 196, 199 n. 2 (Mo.App.1977) ]; second, that the user was adverse; third, that it was under a claim of right; fourth, notice to the owner of the user, and of its character and of the claims of right.

The trial court found that plaintiffs' use of the strip of land was permissive and not adverse. That finding is the plaintiffs' sole assignment of error.

> Where the disputed area [in an action to secure an easement by prescription] is a driveway or other space lying between or along a common boundary a serious problem involving permission versus acquiescence is presented. So much controversy has arisen over the question of whether boundary line driveways were used by adjoining landowners adversely or by permission.

2 G. Thompson, Commentaries on the Modern Law of Real Property § 336, at 150–51 (Supp.1980). We grant (as did the trial court) that the plaintiffs have used the disputed strip of land as part of their driveway since they occupied their present residence in 1956. But there are two strong indicators that the plaintiffs' use was permissive, and not adverse. First, there are the circumstances surrounding the commencement of the use. As noted in *Jaeger v. Reynolds*, 276 S.W.2d 182, 187 (Mo. 1955):

> If [as here] the driveway commenced simply in a use by one of the adjoining owners, or at most is not distinctly shown to have originated in concurrent action by adjoining owners, nor through provision made by anyone who at the time owned both properties, the finding that the user was not adverse may be well supported.

Second, there is no evidence of adverse use since the plaintiffs' use of the strip commenced. "Adverse" use in this context "means that the one making the use 'shall not recognize in those as against whom it is claimed to be adverse an authority either to prevent or to permit its continuance.' " *Jacobs v. Brewster*, 354 Mo. 729, 190 S.W.2d 894, 899 (1945). Plaintiffs' own evidence was that up to the time the defendants constructed the fence, the plaintiffs were unaware of the location of the common boundary line. Further, plaintiffs were unaware they were using their neighbors' land and did nothing that was inconsistent with their neighbors' ownership of the disputed strip. As Mr. Chase testified, "We only used the driveway." Thus, the evidence does not show "a distinct and positive assertion of a right hostile to the owner, and brought home to him," *Miller v. Berry*, 270 S.W.2d 666, 668 (Mo.App.1954) that is required to convert a permissive use to an adverse one, or to establish an adverse use in any event.

The trial court's judgment is supported by substantial evidence and no error of law appears. The judgment is affirmed.

KAROHL, P.J., and REINHARD, J., concur.