**Earl EAKINS and Oma Eakins, Husband and Wife, Plaintiffs-Respondents,**

v.

**Leroy SADLER and Viola Sadler, Husband and Wife, Defendants-Appellants.**

**No. 48569.**

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 18, 1984.

Francis Joseph Siebert, Scott City, for defendants-appellants.

John P. Heisserer, Richey, Price, Spaeth and Heisserer, Cape Girardeau, for plaintiffs-respondents.

KAROHL, Judge.

Defendants-appellants landowners appeal the findings and judgment granting plaintiffs-respondents landowners a prescriptive roadway easement over an irregular strip of land across appellants' property. Appellants also contest the findings and judgment granting a fee by adverse possession to a second strip of land running along the common boundary between plaintiffs' and respondents' acreage. In addition, the appeal involves accompanying injunctions directing appellants not to interfere with or enter upon the easement property or adverse fee.

Defendants-appellants contend that plaintiffs-respondents failed to prove the elements of adverse possession as to either the roadway easement or the adverse fee since the evidence respondents rely on showed permissive and not continuous, exclusive or adverse use.

Although we discuss the easement and fee issues separately the same standard of review applies. The 1976 standard announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) was adopted by this court in the field of easements in *Spooner v. Bates*, 550 S.W.2d 200, 202 (Mo.App. 1977).[1]

The roadway easement, called the old gravel entrance during the trial, is 16 × 21/65.93 × 79.03 feet. The adverse fee is a strip of land 13.89 × 14.57/186.82 × 211 feet. The parties own adjoining farmland in Cape Girardeau County with plaintiffs' property lying north of defendants' property. Neither of the parties reside on their land.

---

**1.** Compare the previous standard applied in *George v. Dickinson*, 504 S.W.2d 658, 662 (Mo. App.1974).

## THE OLD GRAVEL ENTRANCE
## PRESCRIPTIVE EASEMENT

The evidence supports a finding that the record dividing line between the south edge of plaintiffs' property and the north portion of defendants' property is the quarter-quarter section line (section line) running east and west. When this dispute began in 1981 there was an old gravel entrance off of Highway U a distance of 120 feet more or less southeast of the intersection of the section line and Highway U. The entrance ran northeast from Highway U approximately 75 feet across defendants' property and into the southern line of plaintiffs' property at its intersection with the section line.

When plaintiffs acquired their property in 1966 Mrs. Shepherd lived there under what the plaintiffs called "Dowry" rights. Plaintiffs permitted her to continue living on their property. Sometime between 1953 and 1955 she built a cabin on that property. Mrs. Shepherd lived in the cabin from the time it was built until 1961. The cabin was vacant for two years until she returned in 1963. She vacated the cabin in 1967 or 1968. Thereafter no one lived there.

There may have been a roadway entirely on plaintiffs' property leading from Highway U to the cabin which was well north of the common boundary line. Nonetheless, Mrs. Shepherd constructed the old gravel entrance. She had permission of the then owners of defendants' property, the Nussbaums, to drive over or park on the entranceway.

Defendants acquired their property in a family transfer after the death of defendant Oma Nussbaum Eakins' mother. The Nussbaums, Mrs. Shepherd and her visitors, farming tenants, repairmen, the defendants, and plaintiffs used the old gravel entrance from time to time for recreation or as access to the cabin. Generally the use was without the knowledge of the defendant or their predecessor in title. When the use was known there was no objection.

■ We consider only the evidence favorable to the trial court's findings in favor of a prescriptive easement acquired by adverse possession and we conclude that the trial court's findings and judgments are not supported by substantial evidence and misapply the law. *Spooner v. Bates,* 550 S.W.2d at 202.

We recently said in *Chase v. Fania,* 675 S.W.2d 87, 88 (Mo.App.1984), citing the holding of *Roberts v. Quisenberry,* 362 Mo. 404, 242 S.W.2d 26, 28 (1951),

[t]he four essential facts for the plaintiffs to prove in order to sustain their claim to an easement by prescription are, first, user for the prescribed period [i.e., ten years, (citations omitted)]; second, that the user was adverse; third, that it was under a claim of right; fourth, notice to the owner of the user, and of its character and of the claims of right.

675 S.W.2d at 88. We there affirmed a judgment denying an easement by prescription. The evidence was undisputed that the parties shared the use of a common driveway. However, plaintiff's use was held not to be "adverse," defined as claimants non-recognition of the record owner as an adverse authority either to prevent or permit its continuance. *Id.* at 89. All that was proved was use. So it is in the present case.

Mrs. Shepherd constructed and used the old gravel entrance. Her use was not continuous for a period of ten years because of a period of absence. Further, as she was never a part of the chain of title on which plaintiffs rely her use is wholly immaterial to the issue here.

■ Plaintiffs' use of the roadway was periodic over the term of ownership of their land between 1966 and 1981. There was no evidence of notice to the Nussbaums, defendants' predecessors in title, or to defendants of the assertion of an adverse claim or of some claim of right to the roadway. Long continued use alone will not create a prescriptive right. *Chase v. Fania,* 675 S.W.2d at 89; *George v. Dickinson,* 504 S.W.2d 658, 662 (Mo.App.1974). In the *George* case we said that during the

period of use relied upon the user must do so in a posture of non-recognition of the owner's authority to permit or prevent such use. *Id.* at 662 n. 4; *see also McDougall v. Castelli,* 501 S.W.2d 855 (Mo.App. 1973).

A full review of the evidence indicates that plaintiffs made no effort to prove that use of the entranceway was the only possible approach to their property or the cabin (a way of necessity) or that their use did not recognize in defendants the right to prevent or permit its continuance. Accordingly, the proof of the four essential facts necessary to establish a prescriptive easement by adverse possession were not proven.

In view of our ruling on this part of the judgment it is unnecessary to address the injunctive provisions of the decree relating to the easement which prevented defendants from the use or entrance upon the easement.

### THE ADVERSE FEE

■ In order to establish title by adverse possession claimant "has the burden of proving by the preponderance of the evidence the existence for the entire statutory period of each and every element of adverse possession. He must show actual, hostile, i.e., under a claim of right, open and notorious, exclusive and continuous possession of the property for ten years." *Teson v. Vasquez,* 561 S.W.2d 119, 125 (Mo.App.1977). The claimant's occupancy must be truly adverse and in opposition to the title of the record owner. *Id.* at 125. Mere possession is not sufficient, the possession must be hostile or under a claim of right. *Id.* at 127. It must be open and notorious, that is conspicuous, widely recognized and commonly known. *Id.* at 127. It must be exclusive such that claimant occupies the land for his own use and not for another. *Id.* at 127. Finally, it must be continuous for the entire statutory period of ten years. *Id.* at 127.

■ With this statement of the law in mind some additional facts must be re-

viewed. The parties stipulated that the record property line was the quarter-quarter section line. Plaintiffs' evidence was that a tree line south of the quarter-quarter section line was the "known" property line and that blaze marks on the trees were indications that it was the property line. Plaintiffs' tenants were told to farm from the tree line north and there was testimony that that was done. Neither party ever erected fences along either the quarter-quarter section line or the tree line. There was no evidence that the plaintiffs paid real estate taxes on the claimed strip of land and it is unlikely that they did in view of the stipulation of the record line along the quarter-quarter section line. There was no evidence that defendants were aware of plaintiffs' use (through the farming tenants) to the tree line. As no one including both plaintiffs and defendants and their predecessors in title, knew precisely where the line was, the principle announced in *Teson v. Vasquez*, 561 S.W.2d at 127 applies. We there said:

> One overriding requirement to establish adverse possession to a particular piece of property is that the precise location of the land claimed be identified in such a way that the boundaries may be ascertained and recognized (citation omitted). Absent proof by claimant of the exact location of the lands claimed, any judgment would be void because it would rest entirely on speculation and conjecture. (citation omitted).

561 S.W.2d at 127. If plaintiffs were unaware they were using defendants' property then they did nothing that was inconsistent with their neighbor's ownership of the disputed strip. The evidence fails to show " 'a distinct and positive assertion of a right hostile to the owner, and brought home to [them]' *Miller v. Berry*, 270 S.W.2d 666, 668 (Mo.App.1954) that is required to convert a permissive use to an adverse one, or to establish an adverse use in any event." *Chase v. Fania*, 675 S.W.2d at 89. Although use over a long period of time may create an inference of adverse use and shift the burden of proof to defendant to show a license, *George v. Dic-*

*kinson*, 504 S.W.2d at 663, that will be true only if there is proof by the plaintiff that the extent of the use was known to the defendant. Knowledge was not proved here. Further, the requisite knowledge relates to the use of property known by the parties to be defendants' property. Here neither plaintiffs nor defendants had actual knowledge of the record property line at the time of use.

Plaintiffs' proof of adversity consists entirely of farming to the tree line. There was no proof of known adverse or exclusive use, or notice to the owner of the claim or its character. Plaintiffs' proof of use standing alone is not enough.

Having held that plaintiffs failed to prove adverse possession of the strip of land there is no need to discuss the injunction issue.

The trial court judgment as to both the claimed prescriptive easement and the adverse fee is reversed.

REINHARD, C.J., and DOWD and CRIST, JJ., concur.