Aaron FENSTER, et al.,
Plaintiffs–Respondents,

v.

Linda HYKEN, et al.,
Defendants–Appellants.

No. 53664.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 1, 1988.

Joseph Conran, St. Louis, for defendants-appellants.

Irving Cooper, Clayton, for plaintiffs-respondents.

DOWD, Presiding Judge.

Defendants appeal from the trial court's grant of a prescriptive easement. We affirm.

Plaintiffs purchased their property, which was adjacent to the disputed land, in 1958. Since that time, plaintiffs have used the disputed land for business purposes, primarily for parking trucks and cars.

Plaintiffs brought suit in 1985 on 2 counts. First, for adverse possession and second, for a prescriptive easement over the property. The trial court ruled against plaintiffs on the adverse possession claim, but granted them a prescriptive easement.

Defendants' first point on appeal states that the trial court erred by granting plaintiffs a prescriptive easement because they failed to establish a claim of right. We disagree.

The standard of review in a court tried case is that the decision will be upheld unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellants seek de novo review under the theory that the findings of fact and the evidence do not support the ruling and that the law was erroneously declared with regards to permission to use land after the prescriptive period has run. We fail to find these arguments meritorious.

■ To establish a claim for a prescriptive easement the plaintiff must prove 1) use for the prescribed 10 year period; 2) the user was adverse; 3) the use was under a claim of right; 4) the owner had actual or constructive notice of such use and character of usage. *Carpenter–Union Hills Cemetery Ass'n. v. Camp Zoe, Inc.*, 547 S.W.2d 196, 199 (Mo.App.1977).

■ Defendants argue that there is no evidence to support a finding that plaintiffs gave notice of a claim of right for their use. The claim of right need not be a claim to possess title as in adverse possession, but it may be a nonexclusive right to use the property. *Day v. Grisham*, 571 S.W.2d 473, 475 (Mo.App.1978). As such, notice of a claim of right need not be belligerent, but must be demonstrated as a non-recognition of the owner's authority to permit or prevent such use. *Eakins v. Sadler*, 683 S.W.2d 303, 306 (Mo.App.1984).

■ The trial court stated in its Findings of Fact that Sam and Mildred Fenster, plaintiffs' predecessors in title, purchased property adjacent to the disputed area in 1958. They believed the disputed area was a part of their purchase and used the land as their own. The disputed area was used, maintained and improved by Sam and plaintiffs for a period in excess of 10 years. While the prescriptive period was established between 1958 and 1970, the record shows that plaintiffs have used the property for 27 years. During the 27 year period, plaintiffs graveled the area, paved it and maintained the area by keeping it clean from debris.

The court then, in its Conclusions of Law, recognized a need for some evidence of notice of a claim of right. In granting the prescriptive easement, the court held there was sufficient evidence of notice.

The testimony given during trial is conflicting. A review of the transcript reveals that there was substantial evidence of a claim of right and notice of such. Therefore, we will defer to the trial court's assessment of the witness's credibility as it is

in the better position to make such a determination. *Parker v. Rogers*, 698 S.W.2d 617, 618 (Mo.App.1985).

■ Defendants then argue that the trial court failed to give due weight to the testimony that permission was given at some point in the 1970s. Defendants contend that this evidence tends to prove that permission was given at the outset. However, it is well established that permission given after an easement is already established by adverse use has no legal effect. *Kirn v. Oehlert*, 625 S.W.2d 921 (Mo.App.1981). Point denied.

■ Defendants final point on appeal contends that the trial court erred by entering a judgment and decree that is indefinite and therefore void and unenforceable. The challenged portions are as follows:

2. However, Aaron and Harvey Fenster have acquired a prescriptive easement over and across the "Disputed Land" to use the "Disputed Land" in the same manner *as they have previously used* the "Disputed Land" as fully as if an express easement over and across the "Disputed Land" had been granted to Aaron and Harvey Fenster by an easement grant for such uses. (emphasis added)

4. Defendants are hereby permanently restrained and enjoined, from in any way, preventing, depriving, impeding, restricting and/or curtailing Aaron and Harvey Fenster in their use, enjoyment, and occupancy of the "Disputed Land", except as is *reasonably necessary* to maintain defendants existing facilities located above and below ground. (emphasis added)

We find these segments definite and clear when viewed in the context of the whole order.

Defendants argue that since there have been changes in the way the land was used, the phrase "as previously used" does not properly depict what uses the easement grants. Defendants base this contention on the fact that the easement was established prior to 1970 and since that time, plaintiffs have formed more corporations. Defendants argue that the easement would be overburdened unless clearly restricted to the use established prior to 1970.

We agree with the proposition that the character and extent of a prescriptive easement is determined by the user during the prescriptive period and that no different or greater use can be obtained under the prescriptive easement without another prescriptive period running. *Lacy v. Schmitz*, 639 S.W.2d 96, 100 (Mo.App.1982). We must note, however, that since no use can be duplicated exactly, once a prescriptive easement is obtained the problem is to clarify the limits of permissible variation of use. *See* 5 A.L.R.3d 439 (1966).

Here, the trial court went into sufficient detail in the Findings of Fact and Conclusions of Law to clarify such limits. Thus, in view of the order as a whole, the order is not so indefinite as to make it void.

Next, defendant argues that the phrase "reasonably necessary" stated in paragraph 4 is unclear. An order granting permanent injunctive relief should be clear, precise and definite in terms. *Wyma v. Kauffman*, 665 S.W.2d 82, 84 (Mo.App. 1984). The phrase "reasonably necessary", however, is as clear and specific as need be. Point denied.

Judgment is affirmed.

SIMON, J., and SIMEONE, Senior Judge, concur.