Patrick N. HELLER and Florence M. Heller, his wife, Appellants,

v.

James H. FRENCH and Pamela J. French, his wife; and Robert L. Taylor and Peggy J. Taylor, his wife, Respondents.

No. 58779.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 17, 1991.

A sketch of the area in question will be helpful.

Frank D. Keefe, Louis E. Baureis, St. Louis, for appellants.

Roland A. Wegmann, Hillsboro, for respondents.

CRIST, Judge.

Action to quiet title and for injunction relating to a forty foot service road. Appellants (Hellers) appeal that part of a judgment finding respondents Taylors and respondents Frenches each have an easement in and to a forty foot service road. The service road, located in Starlight Estates subdivision, begins with a county road and extends North, between Taylors' Lot Four and Frenches' Lot Three, to the Southern boundary of Hellers' Lot. Affirmed.

Hellers assert there was no easement for the reason respondents use of the service road was permissive until 1982, and therefore not adversely used for ten years. We view the evidence which is favorable to sustentation of the part of the judgment complained of by Hellers.

On October 30, 1970, owners Coles and builder Riebold platted Starlight Estates. The plat provides in part: "The forty foot wide service road as shown upon this plat is hereby dedicated for the purpose of ingress and egress to install, repair and maintain all sewerage facilities on the lagoon site and utility easements as shown on the plat.... Lot B, the lagoon site ... shall be used only for the installation and maintenance of sewerage treatment facilities."

On February 23, 1971, owners and builder conveyed Lot Three of Starlight Estates to Frenches. The lot and a house being built were a package deal. Sellers told Frenches they did not contemplate putting in a lagoon and so Frenches could use the service road for whatever purposes they desired. Frenches drain field of their septic system was under the service road. They built a chain link fence along their west property line with the gate opening in and to the service road. The Frenches used, maintained and improved the service road from the time of purchase. They used it as a matter of right. On several occasions, Hellers' son approached Frenches about signing a document giving away their right to use the service road.

On April 13, 1971, owners and builder conveyed Lot Four of Starlight Estates to Taylors. This was also a package deal involving construction of a house on the lot. Owners and builder talked about Taylors using the service road because of the way the house was angled to a gate which accessed the back of their property. From the date they bought their property they began using the service road. They helped to maintain the road and in 1975, they built a concrete driveway extending out onto the service road. The use and maintenance continued to the present, subject only to interference by Hellers in 1987.

On August 12, 1975, Hellers purchased Lot B, the lagoon site. On October 1, 1979, Hellers obtained a judgment showing they were the undisputed owners of Lot B and voiding the sewerage restrictions on the Lot. Frenches and Taylors were parties to this action, but the lawsuit did not involve the issue of use of the service road by Taylors and Frenches.

In September 1987, Hellers began obstructing the service road. On September 27, 1989, they filed this quiet title suit against Taylors and Frenches asking for clear title to the service road, with no rights to Taylors and Frenches, and for an injunction prohibiting Taylors and Frenches from using the service road.

■ Hellers assert Taylors and Frenches did not adversely use the service road. They assert the evidence mandates a finding of permissive use until 1982. But not so. Frenches' and Taylors' use was adverse, continuous and uninterrupted, for the prescription period in that they entered upon the service road with permission of the original plat owners, but under a claim of right, and they openly used the road for sixteen years before they encountered any interference. *Johnston v. Bates*, 778 S.W.2d 357, 361[1, 2] (Mo.App.1989); *Fenster v. Hyken*, 759 S.W.2d 869, 870[2] (Mo.App.1988). Therefore, substantial evidence exists to support the finding of a prescriptive easement.

■ Hellers also assert the 1979 judgment cut off any rights Taylors or Frenches had to use the property. The judgment

does not so state. The matter of the claimed easements was not litigated. The prior suit involved removal of restrictions on Lot B, not the right to use the service road. The two suits did not involve an identical cause of action. *Terre Du Lac Association v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 212[6–9] (Mo.App.1987). Therefore the 1979 judgment had no preclusive effect on these issues.

Judgment affirmed.

PUDLOWSKI, P.J., and AHRENS, J., concur.