Robert A. SPIER, Plaintiff/Appellant,

v.

Roger D. BREWER, Regina Louis Brewer Jennings, Glenn Spier and Evelyn Spier, his wife, Defendants/Respondents.

No. 71456.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 23, 1997.

Nicholas G. Gasaway, Hillsboro, for appellant.

David L. Mayhugh, Daniel E. Wilke, Park Hills, for respondent.

GRIMM, Presiding Judge.

Plaintiff's petition seeks a prescriptive road easement over land owned by three different landowners. In the alternative, plaintiff seeks the establishment of a private road as a "strict necessity" under section 228.342.* The trial court denied plaintiff's requests.

---

* All statutory references are to RSMo 1994.

On appeal, plaintiff raises two points. First, he alleges that the evidence conclusively established that the road had been used since 1959 and he was entitled to a road easement. Second, in the alternative, he contends the trial court erred in denying his request for a private road as he has no legally enforceable way to reach his property. We affirm the denial of the prescriptive easement across one landowner's property and otherwise reverse and remand with directions.

## I. Background

Plaintiff has owned ninety acres in Washington County for more than twenty-five years. His property begins about 1300 feet north of State Highway M, but does not physically touch that highway or any other public road. To reach that highway, he must cross the property of three landowners south of his property.

The north-south road in question runs from State Highway M on the south to plaintiff's home on the north. Defendant Brewer's and defendants Spiers' property adjoins Highway M. The first 600–700 feet of the road divides their property. The west side of the road is approximately Brewer's east property line, while the east side of the road is approximately Spiers' west property line.

The next 600–700 feet of the road divides property owned by defendant Jennings and defendants Spiers. The Jennings property lies immediately north of Brewer's tract. The average width of the traveled portion of the road is nine feet. The nearest public road to plaintiff's property is Highway M.

Plaintiff first acquired part of his property in December 1959, at which time he began using the road as his means for ingress and egress. He testified that he built a house on the property in 1972 and the builder and suppliers used that road. Further, he said he never asked defendant Brewer or any of his predecessors for permission to use the road. He said that he put culverts in the road, graded the road, and put gravel on it; no one ever stopped him from doing that. Prior to defendant Brewer's purchase of his property, plaintiff said he and the adjoining landowners worked together to maintain the road.

The poles for the electric lines are right along the road and the meter reader uses the road. The propane gas delivery man has used the road for thirty years and was only stopped once by defendant Brewer. Plaintiff said the first time anyone stopped him from using the road was in July of 1995.

Defendant Brewer purchased his ten acres in the fall of 1988. He said that he first learned that plaintiff was using the road the first weekend after he purchased the property. Defendant Brewer said he stopped plaintiff, and they introduced themselves. Defendant Brewer told plaintiff to drive slow and that it was okay with him for plaintiff to "come across it."

According to defendant Brewer, plaintiff never maintained the road across his property. A gate across the road has been on defendant Brewer's property since before he purchased it, and he closes the gate from time to time.

In July 1995, defendant Brewer told plaintiff he could not use the road because he would not slow down. Some time later, he told plaintiff he could "come across my property" if he didn't "drive over five or six miles an hour." He testified that he does not recognize plaintiff's right to use the road.

Defendants Spiers, who are plaintiff's uncle and aunt, filed an answer admitting that the road had been used by plaintiff for more than 35 years. Further, they consented to the trial court entering judgment against them for the prescriptive easement. As to defendant Jennings, an interlocutory judgment of default was entered against her due to her failure to file any pleadings in response to the petition.

The trial court denied plaintiff all relief he sought. It found that plaintiff had not "presented credible evidence to establish that he is entitled to relief under either a prescriptive easement theory as alleged in Count I of Plaintiff's Petition, or under Count II of Plaintiff's Petition which seeks to establish a private road." It further found that any use plaintiff had made of the road "has been permissive" and that he had "failed to prove

by credible evidence open, continuous, uninterrupted, visible, and adverse use under a claim of right for a ten-year period as to the roadway in question."

Further, the trial court denied plaintiff's request for a private road over defendants' property. It found that plaintiff "uses and has a means of ingress and egress from his property over a road which is wholly located on Plaintiff Spier's uncle's property." It thus denied all relief.

## II. Prescriptive Easement

In his first point, plaintiff alleges the trial court erred by finding plaintiff "did not establish a prescriptive easement to use the road." He contends he has used the road since 1959, and that his use was "open, adverse, continuous and under a claim of right, with notice to defendants and/or their predecessors of the use and the claim of right."

■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* Plaintiff contends that the trial court's judgment is against the weight of the evidence and was an erroneous application of the law.

■ Before addressing this issue as it relates to defendant Brewer, we note that the trial court erred as a matter of law in denying the prescriptive easement against defendant Jennings and defendants Spiers. About nine months before the hearing in this case, the trial court with Judge Stan J. Murphy presiding issued an interlocutory judgment of default against defendant Jennings. Defendant Jennings did not contest any of plaintiff's testimony and as to her, it stands unchallenged. Plaintiff is entitled to a prescriptive easement over the road as it crosses defendant Jennings' property.

■ As to defendants Spiers, they filed an answer in which they admitted that plaintiff was entitled to a prescriptive easement and consented to the court "entering the request-ed judgment on Count I of the Petition." Plaintiff is entitled to a prescriptive easement over the road as it crosses defendants Spiers' property.

■ We turn now to plaintiff's claim against defendant Brewer. For a prescriptive easement to be established, the use of the property must be open, visible, continuous, uninterrupted for a ten-year period of time, adverse under a claim of right, and notice to the owner of the land of the use and the claim of right. *George v. Dickinson*, 504 S.W.2d 658, 662 (Mo.App. E.D.1974). One who claims the easement has the burden of establishing all of the essential requirements by clear and positive evidence. *Id.* at 663. Long continued use alone will not create a prescriptive right. *Id.* at 662.

■ Here, the trial court determined that plaintiff's evidence was not credible. The trial court did not identify which part of plaintiff's evidence was not credible. However, under *Murphy v. Carron*, we are cautioned to set aside a judgment on the ground that it is "against the weight of the evidence" only when we have "a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d at 32.

The trial court could have concluded that plaintiff failed to prove that his use was adverse, and under a claim of right. Although plaintiff has used the road for many years, the trial court could have found that plaintiff did not overcome defendant's claim that the use was permissive. Plaintiff testified that the prior adjoining landowners and he got along well, "we're all family." By that he did not mean that they were related, but that "everybody knew everybody." However, a "relationship" of sorts existed between Leona Shanner, defendant Brewer's predecessor in title, and plaintiff. Ms. Shanner's brother was plaintiff's father's stepfather. Further, plaintiff testified he never discussed his use of the road with the previous owners, they "all got along as neighbors."

We cannot say that the trial court erred in denying plaintiff a prescriptive easement over defendant Brewer's property. However, we direct the trial court to amend its

judgment to award plaintiff a prescriptive easement over the road as it traverses through the property of defendant Jennings and defendants Spiers. Otherwise, that part of the trial court's judgment concerning Count I is affirmed.

### III. Strict Necessity

■ In his second point, as an alternative to point one, plaintiff alleges that the trial court erred in finding that plaintiff "did not establish a way of strict necessity over the road." He contends no public road goes through or along side his property. Further, he claims "strict necessity" because he has no legally enforceable right to and from his land.

Count II of plaintiff's petition is based on section 228.342 which states in pertinent part:

A private road may be established or widened in favor of any owner or owners of real property for which there is no access ... from such property to a public road if the private road sought to be established ... is a way of strict necessity.

■ Plaintiff is required to show (1) he owns the land, (2) no public road goes through or alongside the tract of land, and (3) the private road petitioned for is a way of "strict necessity." *Farrow v. Brown*, 873 S.W.2d 918, 920 (Mo.App.E.D.1994). "Strict necessity" has been interpreted to mean the absence of a reasonably practical way to and from a plaintiff's land that the plaintiff has a legally enforceable right to use. *Id.* at 920.

Plaintiff established that he owns his land. Both plaintiff and a surveyor testified that no public road passes through or alongside plaintiff's tract of land. As previously noted, the nearest public road to plaintiff's tract of land is State Highway M. These requirements are not contested and the trial court made no finding concerning them.

The trial court findings stated:

Plaintiff Robert A. Spier has failed to demonstrate a strict necessity for a private road being established across the lands of Defendants. Additionally, this Court finds that Plaintiff Spier uses and has a means of ingress and egress from his property over a road which is wholly located on

Plaintiff Spier's uncle's property and runs from a public road through Plaintiff Spier's uncle's property to Plaintiff Spier's property.

■ The evidence does refer to a road through plaintiff's uncle's property. Plaintiff testified that his uncle gave him permission to cut a way from a road on uncle's land to enable plaintiff to reach his property. Further, plaintiff testified, without contradiction, that he obtained this permission "while we had this confrontation—this deal is going to go to court." Nothing in the record would support a finding that plaintiff has a legally enforceable right to use this road. An alternate route which is merely permissive does not provide any legally enforceable right to ingress and egress. *Hill v. Kennoy, Inc.*, 522 S.W.2d 775, 779 (Mo.banc 1975).

The trial court erred in denying plaintiff a private road pursuant to section 228.342. We reverse and remand with directions that the trial court declare a private road over the existing road from the south terminus of that road on defendant Jennings' property across defendant Brewer's property to Highway M, and for further proceedings consistent with this opinion. Costs are assessed to defendant Brewer.

CRANE and HOFF, JJ., concur.