**Mark S. WAGEMANN, and Charlene L. Wagemann, Appellants,**

v.

**Mike ELDER, et. al., Respondents.**

**No. ED 76991.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 1, 2000.

Motion for Rehearing and/or Transfer to Supreme Court denied Sept. 7, 2000.

Application for Transfer Denied Oct. 31, 2000.

Hazelwood & Weber, LLC, V. Scott Williams, St. Charles, for appellants.

Niedner, Bodeux, Carmichael, Huff, Lenox, and Pashos, Charles W. Niedner, St. Charles, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Mark S. Wagemann and Charlene L. Wagemann, ("Wagemanns"), appeal the judgment entered by the Circuit Court of St. Charles County in favor of respondents, Mike Elder, Terry Dee, and Jerry Lott, ("Trustees"), denying the Wagemanns' request for a declaratory judgment stating that existing access to their property had been dedicated to public use and denying their alternative re-

quest for access to their property as a way of strict necessity pursuant to section 228.342, RSMo 1994.[1] We affirm.

Wagemanns own a 6.7 acre undeveloped tract of land, ("Wagemann property"), situated north of Timberlaine Trails Subdivision Plat 2, ("subdivision"). The Wagemann property consists of a peninsula which juts into a lake. In the future, Wagemanns plan to develop the Wagemann property or sell it to be developed. No roadway access presently exists linking the Wagemann property to public roads.

Wagemanns also own lot 19 of the subdivision. Lot 19 is contiguous with the Wagemann property.

Wagemanns petitioned the trial court to declare one of the streets of the subdivision, Lakeview Drive, dedicated to public use or, alternatively, order Lakeview Drive established as a private road for their use pursuant to section 228.342. Trustees are the record owners of the streets in the subdivision, including Lakeview Drive.

At a bench trial on August 2, 1999, Mark Wagemann testified if the trial court were to declare Lakeview Drive a public road or establish Lakeview Drive as a private road, he intended to build a throughway access road over Lot 19 to connect Lakeview Drive to the Wagemann property. Wagemanns' petition did not include a legal description or drawing of their proposed throughway access road over Lot 19. Although not pled in Wagemanns' petition, the issue of whether Wagemanns may legally build a throughway access road over Lot 19 was tried by consent of the parties.

Mark Wagemann also testified he was not prevented from driving over Lakeview Drive because he is a lot owner in the subdivision. Mark Wagemann testified it was his understanding Lakeview Drive was a private street.

Wagemanns submitted the original Plat Two of the subdivision, which had been filed on or about October 6, 1965, by James G. and Robert G. McKelvey, Inc., ("developers"). Wagemanns argued Plat Two contained public dedication of Lakeview Drive. Wagemanns pointed to a handwritten note on Plat Two which stated:

Note: The temporary turnaround located at the north end of Lakeview Drive is dedicated to public use. At such a time as Lakeview Drive is extended northwardly as a dedicated street, this easement will cease to exist.

After the original construction of Lakeview Drive, it was extended northwardly and now terminates in Lakeview Circle, a street and turnaround added to the original terminus of Lakeview Drive, located north of and outside of the northernmost boundary line of the subdivision.

Also appearing on Plat Two was a typewritten provision which stated:

[Developers], owners of the land described in the Surveyor's Certificate, hereby designate the streets and roadways shown on the plat ... as private streets and roadways and covenant and agree that County acceptance of said streets and roadways shall not be petitioned until the streets and roadways are improved in such a manner as to comply with the Required Improvements Section of Rules for Land Subdivision for St. Charles County....

In connection with original platting of the subdivision, a restriction indenture was filed for the subdivision. The restriction indenture stated:

No lot in any block shall be improved or occupied for other than private, single-family, residential purposes. No building, structure, garage or other outbuilding shall be erected on any said lots except in conformity with the provisions of the building codes and the zoning regulation which by law or ordinance may at the time apply thereto.

Richard Alferman, ("Alferman"), executive vice-president of U.S. Title Guaranty

---

1. All statutory references are to RSMo 1994.

Company of St. Charles, testified as an expert title examiner for Wagemanns. Alferman, when questioned on direct examination, testified the Wagemann property abuts no public roads, has no public roads going through it, and in his opinion there exists no legally enforceable access to the Wagemann property. When asked whether Wagemanns "have private access to [the Wagemann property] simply by walking back there [over Lot 19 or] driving a jeep back there," Alferman answered in the affirmative.

Joe Nichols, ("Nichols"), St. Charles County Engineer, testified for Trustees. Nichols testified the subdivision's streets had not been dedicated for public use. Nichols testified the County of St. Charles did not maintain the streets of the subdivision.

The parties stipulated to Trustees' witness, St. Charles County Sheriff's Department, Lieutenant James Hudson's, ("officer"), testimony. Officer would have testified the streets of the subdivision are not patrolled because they are private streets.

Mike Elder, ("Elder"), a subdivision trustee, testified the owners of the lots on a three lot subdivision (eastern lots), located east of the Wagemann property, but outside the subdivision, have been allowed to use Lakeview Drive in order to reach their property. Elder testified the owners of the eastern lots must comply with the subdivision's restrictions, pay yearly assessments, and did not cut across any lots of the subdivision in order to reach the eastern lots.

Elder testified Lakeview Drive is a private street. Elder testified he, as a trustee, would not have a problem with Wagemanns building a small private road, for their use only, across lot 19 in order to access the Wagemann property.

Jerry Lott, ("Lott"), another subdivision trustee, testified Trustees maintained four signs on the entrances to the subdivision. Lott testified two of the signs stated "Timberlaine Trails—Private Streets"; the other two signs stated "Timberlaine Trails—Private—No Trespassing—Streets Constructed and Maintained by Residents of Timberlaine Trails." Photographs of the signs were received into evidence.

Robert McKelvey, one of the original developers of the subdivision, was subpoenaed but did not appear at the bench trial. His testimony, offered by counsel for Trustees without objection by Wagemanns, would have been: (1) he intended the streets of the subdivision to be private; (2) he did not remember the language of the note concerning the temporary turnaround; and (3) he did not recall what the note meant. Counsel for Wagemanns responded to this by stating "[w]e don't have any dispute with the idea that they are private roads and the language says whatever it says." Robert McKelvey had not been deposed.

The trial court denied Wagemanns' request for a declaratory judgment. Wagemanns appeal.

■ Wagemanns raise three points on appeal. We must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

In their first point, Wagemanns allege the trial court erred in concluding the northernmost part of Lakeview Drive was not dedicated to public use. Wagemanns argue Plat Two unequivocally dedicated that portion of Lakeview Drive to public use, thereby proving the intent necessary for dedication and the evidence showed acceptance by public use. We disagree.

■ "The elements of common law dedication are: (1) the owner, by unequivocal actions, intended to dedicate the land to public use; (2) the public accepted the dedicated land; and (3) the public is using the dedicated land." *Hoag v. McBride & Son Inv. Co., Inc.,* 967 S.W.2d 157, 174–75 (Mo.App. E.D.1998).

In the case at bar, it is clear from the record the developers did not, by unequivocal actions, intend to dedicate the streets of the subdivision, including Lakeview Drive, to public use. The typewritten provision on Plat Two clearly "designates the streets and roadways shown on the plat ... as private streets and roadways." However, Wagemanns forego this unambiguous language, and instead, point to an ambiguous note handwritten on Plat Two. The intent of the note is unclear and it is far from an unequivocal action to dedicate Lakeview Drive to public use. Furthermore, the statement of Robert McKelvey, which was not objected to, bolsters the ambiguity of the handwritten note and illustrates the roads were intended to be private.

Additionally, the public has neither accepted nor is using the streets of the subdivision. Wagemanns argue the use of Lakeview Drive by the owners of the eastern lots constitutes public use. However, the eastern lot owners pay a yearly assessment for the maintenance of the subdivision roads. The evidence adduced at the trial was clear the streets of the subdivision were not dedicated to public use. Mark Wagemann even admitted his understanding was Lakeview Drive was a private street. Therefore, there was substantial evidence to support the judgment of the trial court.

In their second point, Wagemanns allege the trial court erred in failing to find them entitled to a private road pursuant to section 228.342. Wagemanns argue they proved all the elements required under the statute for establishment of a way of strict necessity. We disagree.

Entitlement to a private way of access under section 228.342, requires a plaintiff "to show (1) he owns the land, (2) no public road goes through or alongside the tract of land, and (3) the private road petitioned for is a way of 'strict necessity.'" *Spier v. Brewer*, 958 S.W.2d 83, 87 (Mo.App. E.D.1997). "'Strict necessity' has been interpreted to mean the absence of a reasonably practical way to and from a plaintiff's land that the plaintiff has a legally enforceable right to use." *Id.* "An alternative route which is merely permissive does not provide any legally enforceable right to ingress and egress." *Id.* Furthermore, mere convenience for the plaintiff does not satisfy the requirement of strict necessity. *Wolfe v. Swopes*, 955 S.W.2d 600, 602 (Mo.App. S.D.1997).

The cases, which Wagemanns cite in support of their second point, are distinguishable. The cases cited by Wagemanns address the situation where a plaintiff attempts to establish a private road over a neighboring defendant's land. *See Hill v. Kennoy, Inc.*, 522 S.W.2d 775, 776–77 (Mo. banc 1975); *Evans v. Mansfield*, 364 S.W.2d 548, 549 (Mo.1963); *Wiese v.. Thien*, 279 Mo. 524, 214 S.W. 853, 854 (1919); *Spier*, 958 S.W.2d at 84–86 (Mo. App. E.D.1997); *King v. Jack Cooper Transport Co., Inc.*, 708 S.W.2d 194, 195–96 (Mo.App. W.D.1986); *Sutter v. Sims*, 563 S.W.2d 533, 534 (Mo.App.W.D.1978).

Also, in the cases cited by Wagemanns, private roads were established because the plaintiffs did not have a reasonably practical way to a public road from their land, *See Evans*, 364 S.W.2d. at 551 (having access to a road which led from plaintiff's land to public road did not bar plaintiff from obtaining a way of necessity over defendant's land because the road traversed such rough and rocky terrain it could not be kept in a usable condition); *Wiese*, 214 S.W. at 855–56 (plaintiff allowed to establish a private road across defendant's land in order to reach the rest of his land which was divided by an impassable river and surrounded by bluffs).

Furthermore, in the cases cited by Wagemanns, private roads were established because plaintiffs did not have legally enforceable right to access a public road, *See Hill*, 522 S.W.2d at 778–79 (a terminable-at-will lease providing plaintiffs access to a public road did not provide a legally enforceable right to ingress and egress, thus plaintiffs were entitled to a private road); *Evans*, 364 S.W.2d at 551–552 (plaintiffs'

had no legally enforceable right to use a private road which ran over another's property); *Spier*, 958 S.W.2d at 87 (plaintiff, who was given permission by his uncle to use a road on his uncle's land in order to reach his own property, did not have a legally enforceable right to reach his property because the alternative route over his uncle's land was merely permissive); *Sutter*, 563 S.W.2d at 535–36 (the express permission of defendants allowing plaintiffs to use an existing roadway over defendants' land to get to and from a public road was not a legally enforceable right to use defendants' roadway).

In the case at bar, it is undisputed Wagemanns own the Wagemann property. It is also undisputed no public roads go through or alongside the Wagemann property. However, Wagemanns have failed to establish that a private road to their property is a strict necessity. Moreover, Wagemanns, unlike plaintiffs in the cases cited in support of their second point on appeal, both own the property they are trying to establish a private road over and have a legally enforceable right to use an already established private road (Lakeview Drive). Furthermore, Wagemanns have a reasonably practical way to and from the Wagemann property over Lot 19. No evidence was adduced at trial of any physical barriers which encumber Wagemanns' access to the Wagemann property. Wagemanns may simply walk from Lot 19 to the Wagemann property.

Also, Wagemanns own Lot 19, therefore, any route taken by Wagemanns over it would not be a trespass and would be legally enforceable. Access to the Wagemann property over Lot 19 is not permissive because Wagemanns are the owners of Lot 19 and access cannot be revoked by a third party. Wagemanns need not seek the permission of anyone to drive over Lakeview Drive and then access the Wagemann property by either walking or driving over Lot 19. The mere convenience of a private road over Lot 19 does not satisfy the requirement of strict necessity. Wagemanns already have access to both Lakeview Drive, as members of the subdivision,

and the Wagemann property, over Lot 19, which they own. Therefore, the strict necessity element of section 228.342 has not been satisfied by Wagemanns; thus, the need for a private road has not been established.

In their third point, Wagemanns allege the trial court erred in refusing to grant a way of strict necessity, pursuant to section 228.342, based on estoppel principles. Wagemanns argue the restriction indentures do not preclude construction of a roadway over Lot 19 connecting the Wagemann property to Lakeview Drive.

Based on our resolution of Wagemanns' first two points, Wagemanns' third point is moot.

We affirm the judgment of the trial court.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.