**Margaret M. McNULTY, et al., Respondents,**

v.

**Stephen L. MURRAY, et al., Appellants.**

**No. ED 80532.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 24, 2002.

James L. Rohlfing, Brassil & Rohlfing, St. Louis, MO, for appellant.

Robert L. Officer, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Stephen and Helen Murray ("the Murrays") appeal the judgment of the trial court granting them a partial prescriptive easement on the property of Margaret and Katherine McNulty ("the McNultys"). The McNultys cross appeal the grant of a prescriptive easement to the Murrays on a portion of the McNultys property. We affirm in part and reverse in part.

Margaret and Katherine McNulty purchased property located at 1142 Ralph Terrace in Richmond Heights, Missouri ("the McNulty property"). They purchased the property from Tom Lee, whose company had owned the property for roughly two years. The McNultys signed a contract to purchase the property on July 8, 1999. Stephen and Helen Murray purchased the property next door at 1138 Ralph Terrace in 1974. When the Murrays purchased their property, a chain link fence existed and remained until they removed it in 1985. At some time during the week prior to the close of the sale of the property to the McNultys in 1999, the Murrays installed a new fence, which encroached on the McNulty property. Additionally, when the Murrays purchased their property, a wooden fence existed from the northeast corner of the garage on the McNulty property to the eastern property line. In 1980, the Murrays replaced this fence with a new wooden fence. The Murrays maintained the back wall of the McNultys' garage and put in flower boxes there as well.

A survey of the property was completed, which confirmed that the new fence installed the week prior to the close of the sale was on the McNulty property. The McNultys subsequently wrote a letter to the Murrays informing them that the fence was on the McNulty property and requesting that the fence be removed. When the Murrays failed to remove the fence from the McNulty property, the McNultys filed suit in St. Louis County Circuit Court. The McNultys sought a mandatory injunction requiring the Murrays to remove the fence from their property and to restore the property to its original condition. The Murrays filed an answer and counterclaim seeking a prescriptive easement in their favor. The matter was tried and the court entered its judgment, order and decree on October 1, 2001. In its judgment, the court granted a prescriptive easement to the Murrays for the purpose of the wooden fence from the northeast corner of the McNultys' garage to the eastern property

line and a prescriptive easement on the garage for the purposes of maintaining a flower box and trailing vines. The court found that the metal fence running westward from the northwest corner of the garage encroached on the McNulty property and ordered the Murrays to remove the fence and return the property to "good and useable condition." The present appeal followed.

In reviewing the judgment of a trial court, we will sustain the judgment unless no substantial evidence exists to support it, it is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In their first point on appeal, the Murrays allege that the trial court erred in determining that the fence installed by the Murrays encroached on the property of the McNultys and ordering that the Murrays remove the fence at their own cost. The Murrays claim that the evidence was uncontroverted that the area enclosed by the fence had been used and maintained by them continuously, uninterrupted, visibly and adversely for a period of eleven years, resulting in an easement by prescription. Additionally, the Murrays argue that the McNultys did not prove by clear and convincing evidence that the Murrays had abandoned the prescriptive easement.

"For a prescriptive easement to be established, the use of the property must be open, visible, continuous, uninterrupted for a ten-year period of time, adverse under a claim of right, and notice to the owner of the land of the use and the claim of right." *Spier v. Brewer*, 958 S.W.2d 83, 86 (Mo.App.1997). Each case must be decided on its own unique facts and circumstances. *Auxier v. Holmes*, 605 S.W.2d 804, 809 (Mo.App.1980). Because the law does not favor prescriptive ease-

ments, these requirements must be proven by clear and convincing evidence. *Custom Muffler and Shocks, Inc. v. Gordon Partnership*, 3 S.W.3d 811, 815 (Mo.App.1999).

In the present case, the trial court concluded that there was no clear and convincing evidence that the use of the area enclosed by the chain link fence was adverse as opposed to permissive. The trial court also concluded that there was conflicting testimony concerning who maintained the area, and that to the extent a fence existed "somewhere on [the McNultys'] 3.5 feet it was abandoned by [the Murrays] in 1985."

Testimony from current neighbors, former neighbors, as well as former owners of the McNulty property established only that a fence might have existed on the McNulty property at some point prior to 1985. This fence was removed in 1985, and it was not replaced until 1999. Testimony concerning the maintenance of the area in question after the removal of the fence was conflicting. A Richmond Heights building inspector testified that he instructed a previous owner of the McNulty property to cut back some "rank growth" in the area. The McNultys testified that there was some overgrown brush in the area when they inspected the property and when they purchased it. The only testimony that the Murrays maintained the area continuously was from Stephen Murray and his family. As a result of the conflicting evidence concerning the maintenance of the area, as well as the uncertainty in the testimony concerning the original location of the fence, the trial court's judgment that there was no clear and convincing evidence of adverse use was supported by substantial evidence.

The court also determined that to the extent any fence existed on the McNulty property in the past, the Murrays abandoned it in 1985. "An easement

may be extinguished by abandonment." *Dalton v. Johnson,* 320 S.W.2d 569, 574 (Mo.1959). Abandonment is proven by evidence showing an intent to abandon, and by evidence of actions by which that intention is put into effect. *Id.* This intention can be inferred from the circumstances if they are strong enough to warrant that inference, however, abandonment must be proven by clear and convincing evidence. *Id.*

In the present case, the court's determination that the Murrays abandoned any easement is supported by substantial evidence. The Murrays testified that when they moved to the property in 1974, there was a chain link fence in exactly the same location as the one they installed in 1999. They removed the fence in 1985. There is no evidence, with the exception of the testimony of Stephen Murray and his family, that the area encompassed by the fence was maintained by the Murrays after the removal of the fence in 1985. There is substantial evidence, established by the testimony of several witnesses, that the area contained overgrown brush or "rank growth," and that former owners of the McNulty property maintained the area. In reviewing a court tried case, we defer to the trial court's assessment of the credibility of witnesses. *Copanas v. Loehr,* 876 S.W.2d 691, 694 (Mo. App.1994). The court chose to credit the testimony that the area simply contained overgrown brush. Removal of the fence and the failure to install a new fence for a period of over ten years evidences an intent to abandon the area. Additionally, the failure to keep the area maintained for a significant period of time serves as further evidence of an intent to abandon any potential easement. The trial court's determination was not against the weight of the evidence. Point denied.

In their second point relied on, the Murrays claim that the trial court erred in limiting the grant of a prescriptive easement to fence purposes from the northeast corner of the McNultys' garage to the eastern property line and to the garage for the purpose of maintaining a flower box and trailing vines. The Murrays argue that the easement should have been granted as to the strip of land bordering the fence and garage wall as well. In their cross appeal, the McNultys assert that the trial court erred in granting the limited easement to the Murrays.

As discussed above, our review of the judgment of a trial court is limited to a consideration of whether substantial evidence exists to support it, whether it is against the weight of the evidence, or whether the judgment erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32. In the present case, substantial evidence existed to support the trial court's finding of a limited prescriptive easement for fence purposes. However, the trial court misapplied the law in granting a prescriptive easement for the purpose of maintaining a flower box and trailing vines on the back wall of the garage.

A prescriptive easement is established by the use of the property, which is open, visible, continuous, uninterrupted for a ten-year period of time, adverse under a claim of right, and provides notice to the owner of the land of the use and the claim of right. *Spier,* 958 S.W.2d at 87. Stephen Murray testified that he made the improvements to and maintained the back wall of the McNultys' garage in 1980 and again in 1989. He painted and tuck-pointed the wall, and he installed a window box for flowers on it. Murray testified that he "preserved and protected" the back wall of the garage. This use of the back wall of the McNultys' garage for a flower box and

trailing vines does not establish a use of property which is adverse under a claim of right. For purposes of a prescriptive easement, a claim of right need not be hostile, but it must be with the non-recognition of the owner of the property to permit or prevent such use. *Fenster v. Hyken*, 759 S.W.2d, 869, 870 (Mo.App. 1988). We do not believe the Murrays' use of the back wall of the McNultys' garage conforms to this standard. The Murrays could not have used the back wall of the garage without the recognition that the owners of the garage could permit or prevent such use, nor was there clear and convincing evidence that they did so. Moreover, such use of the wall under the particular circumstances of this case is insufficient to give notice to the owner as to the description, nature or extent of the prescriptive rights claimed. We have found no authority under Missouri law which allows the use of a wall of a neighbor's building for ornamental or decorative purposes to ripen into a prescriptive easement. The law does not favor prescriptive easements, which must be proven by clear and convincing evidence. *Custom Muffler and Shocks, Inc.*, 3 S.W.3d at 815. The proof in this case does not meet that standard, and the trial court erred in granting a prescriptive easement to the Murrays on the wall of the McNultys' garage for purposes of the flower box and trailing vines.

There was, however, substantial evidence to support the trial court's finding of an easement for purposes of the wooden fence extending from the northeast corner of the McNultys' garage to the eastern property line. Carol Tempel, who owned the McNulty property from 1977 until 1982, testified that a wooden fence existed at that time from the side of the garage to the eastern boundary. The McNultys both testified that they assumed the wooden fence was present when they purchased the property. James Haskins ("Haskins") purchased the property directly to the east of the Murrays' property in 1975. He testified that he recalled the wooden fence being present when he purchased his property. Haskins also stated that the Murrays replaced the original fence with a new wooden fence around 1980. Stephen Murray and his family testified that when they purchased their property, a wooden fence existed from the eastern property line to the corner of the McNultys' garage. The Murrays replaced this fence with a new wooden fence in 1980. The evidence established that the fence was open, visible, continuously present and uninterrupted for a ten-year period and that the owners of the McNulty property had notice of it. The evidence supported the trial court's grant of an easement limited to fence purposes.

■ The Murrays also argue that the trial court erred in failing to grant an easement as to the strip of land bordering the back wall of the McNultys' garage and the wooden fence.[1] Under our standard of review, as noted previously, to establish a prescriptive easement, there must be clear and convincing evidence that the use of the property was open, visible, continuous, uninterrupted for a ten-year period of time, adverse under a claim of right, and notice to the owner of the land of the use and the claim of right. *Spier*, 958 S.W.2d at 86; *Custom Muffler and Shocks, Inc.*, 3 S.W.3d at 815. The only testimony that the Murrays used the area in question

1. In response, the McNultys argue that the Murrays actually made a claim to the land behind the garage and bordering the fence based upon adverse possession, not an easement. However, counsel for the Murrays, as well as Stephen Murray himself, specifically disclaimed any claim to title of the disputed land. Therefore, consideration of a claim based upon adverse possession was not before the trial court, nor is it before this court.

came from the Murrays themselves and Carol Tempel. Carol Tempel testified that the Murrays maintained everything behind the garage. Stephen Murray also testified that he possessed the area in question and used it from the time he purchased his property to the present. However, other former and current neighbors of the Murrays testified at trial, and none of them stated that the Murrays used the strip of land behind the garage and bordering the wooden fence. Additionally, Katherine McNulty testified that there were overgrown bushes all around the garage. She also stated in an answer to an interrogatory, that the area in dispute, along the north boundary of her property, was overgrown. In light of this conflicting testimony concerning the use of the area, there is no clear and convincing evidence in the record sufficient to establish that the Murrays openly, visibly and continuously used the strip of land bordering the back wall of the McNultys' garage and the wooden fence for an uninterrupted period of ten years. Thus, the trial court did not err in failing to grant the Murrays a prescriptive easement in the land in question.

The portion of the trial court's judgment granting the Murrays a prescriptive easement in the wall of the McNultys' garage for purposes of the flower box and trailing vines is reversed. The judgment of the trial court is affirmed in all other respects.

MARY R. RUSSELL, P.J., and LAWRENCE G. CRAHAN, J., concur.